...

486-14/MEU
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Defendant in rem*
**M/T AMAZON**
*and Defendant quasi in rem*
**JASPER EXPORTING LTD.**
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (Fax)
Michael E. Unger, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X        14 Civ. 9447 (KBF)
AEGEAN BUNKERING (USA) LLC,
                  Plaintiff,
  v.

M/T AMAZON (IMO 9476654), its
engines, tackle and apparel,

Certain Bunkers FO 500 CST aboard
or loaded aboard the M/T AMAZON,
                  Defendants *in rem*,

BERGEN BUNKERS, AS
JASPER EXPORTING LTD.,
                  Defendants *quasi in rem*,
  and

The Master of the M/T AMAZON,
                  Garnishee,
------------------------------------------------------------X
JASPER EXPORTING LTD.,
                  Third-Party Interpleader Plaintiff,
  v.

O.W. BUNKER MALTA, LTD. and ING BANK N.V.,
                  Third-Party Interpleader Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT/INTERPLEADER-PLAINTIFF JASPER EXPORTING LIMITED'S MOTION
<u>FOR RESTRAINING ORDER PURSUANT TO 28 USC § 2361</u>**

425985.1

Defendant/Interpleader-Plaintiff Jasper Exporting Ltd. (hereinafter "Jasper"), files this Memorandum of Law in support of its Motion for a Restraining Order Pursuant to 28 U.S.C. § 2361 of the Federal Interpleader Act, 28 U.S.C. § 1335 *et seq.*

## FACTS

Jasper has timely filed this motion concurrently with its Counterclaim for Interpleader against Aegean Bunkering USA LLC (hereinafter "Aegean"), Cross-claim for Interpleader against Bergen Bunkers AS (hereinafter "Bergen"), and Third-Party Complaint for Interpleader against O.W. Malta, Ltd. (hereinafter "O.W. Malta") and ING Bank N.V. (hereinafter "ING"). The Counterclaim, Cross-claim, and Third-Party Complaint for Interpleader was filed by Jasper to resolve competing claims made or expected to be made against Jasper and/or its vessel M/T AMAZON (hereinafter "the Vessel") in respect to the supply of bunkers (marine fuel). Jasper originally contracted with O.W. Malta for the supply of the bunkers on October 22, 2014. On information and belief, O.W. Malta in turn sub-contracted with Bergen to supply the bunkers and/or to act as an intermediary in arranging for the physical supply. Bergen then contracted with Aegean, which ultimately supplied the bunkers to the Vessel at Marcus Hook on or about October 30, 2014.

In the normal course of business, O.W. Malta would bill Jasper for the bunkers and Jasper would pay O.W. Malta. O.W. Malta would then pay Bergen, and Bergen would in turn pay Aegean. However, O.W. Malta and Bergen and part of the O.W. Bunker group of companies. The head corporation of the O.W. Bunker group, O.W. Bunker A/S, recently filed for bankruptcy in Denmark where it is headquartered. The bankruptcy of O.W. Bunker A/S and subsequent filings by a number of its related companies has led to a significant number of physical suppliers, such as Aegean, taking steps to secure and obtain payment directly from

2

parties such as Jasper who originally placed orders for the bunkers via O.W. Bunker group companies, thus seeking to bypass O.W. Bunker and obtain direct payment.

In this case, Aegean submitted an invoice for the bunkers to Bergen on October 31, 2014, which required payment to be made by Bergen not later than December 1, 2014. On information and belief, Bergen filed bankruptcy proceedings in Norway, has been declared insolvent, and has reportedly indicated that it will not pay Aegean's invoice.

ING has been granted a security interest in O.W. Malta's and Bergen's accounts receivable and has demanded of Jasper that all payments owed to O.W. Malta and Bergen be paid directly to ING. Further, ING asserts that it has secured an assignment of any maritime lien rights on the part of O.W. Malta and Bergen. It is known that ING has recently arrested other vessels, claiming the right to do so based upon an assignment of maritime lien rights of other O.W. Bunker Group entities.

Aegean began to take steps to secure payment for the bunkers supplied to the Vessel by first making a written demand on November 6, 2014 to Jasper for direct payment of Aegean's invoice in the amount of $981,708.20. Unsure of which entity to pay for the bunkers and concerned about the very real risk of perhaps having to pay twice in the absence of an agreement from Aegean to hold it harmless from the claims of any other entity asserting a right to payment for the bunkers, Jasper did not pay Aegean the requested amount. On November 17, 2014 Aegean filed suit in the Supreme Court for the Commonwealth of the Bahamas against the Vessel *in rem* and had the Vessel arrested in connection with its claim that Aegean has a maritime lien against the Vessel by reason of having supplied the bunkers.

In order to obtain the release of the Vessel from arrest, Jasper posted a Letter of Undertaking (hereinafter "LOU") on November 22, 2014 in the amount of $1,150,000. The

425985.1

security provided under the LOU, a true copy of which is attached hereto as **Exhibit 1**, represents the $981,708.20 principal sum claimed due by Aegean with the balance ($168,291.80) allocated as security for interest and costs associated with an action to resolve the merits of Aegean's claim.

Absent the Court's intervention, Jasper may be faced with additional arrest and/or commencement of legal proceedings against Jasper, the Vessel or any other vessels owned by or in the associated ownership of Jasper. It is imperative that Jasper avoid any such vessel arrests or legal proceedings in order to continue to manage its business operations in an efficient manner. In addition, any additional vessel arrest or legal proceeding initiated against Jasper or the Vessel and/or associated vessels could force Jasper to post additional security for a debt that it knows it must pay but wants to ensure payment to the correct party in order to avoid the possibility of double payment.

## ARGUMENT

The Federal Interpleader Act is encompassed in, *inter alia*, 28 U.S.C. §§ 1335 and 2361. The Act is designed to protect a disinterested stakeholder from "vexatious and multiple litigation" arising out of competing claims to a limited fund, and as such, its provisions are "to be liberally construed." *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 533 (1967).

Section 1335 of the Act provides that the district courts have original jurisdiction over any interpleader action provided three requirements are met. First, the stakeholder must have in its custody or possession money or property having a value of $500 or more, or be under an obligation to pay such amount. Second, there must be present two or more adverse claimants of diverse citizenship who are claiming or may claim entitlement to the money, property or payment. Third, the stakeholder must deposit such money or property in the Registry of the

Court or provide a bond "payable to the clerk of court, in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. §1335(a)(2).

Each of the §1335 requirements is met here. The dispute surrounding the payment for the supply of bunkers to the Vessel exceeds $500, exclusive of interest and costs. Jasper is the stakeholder and at least two of the claimants are of diverse citizenship. Finally, Jasper has moved this Court for an Order to deposit sufficient funds to cover any liability that Jasper may face to any of the interpleader-defendants into the Registry of this Honorable Court.

In light of the satisfaction of the jurisdictional requirements of the Federal Interpleader Act, Jasper seeks an Order restraining the Interpleader-Defendants from commencing any other action(s) to recover payment relating to the supply of the bunkers, including but not limited to arrest, attachment or other restraint of the Vessel, associated vessels, or any other property of Jasper. Section 2361 authorizes a district court to enter a restraining order against the defendants and any other possible claimants in an interpleader action if the jurisdictional requirements of §1335 are met. *See Ashton v. Paul*, 918 F.2d 1065, 1068 (2d Cir. 1990). The injunctive power afforded to the district court under §2361 is broad and "is intended to halt any proceeding the court deems inconsistent with the interpleader proceeding." *U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978). Such restraining orders are indeed "desirable to insure the effectiveness of the interpleader remedy." *Sotheby's Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y. 1992); *see also Bank of Am., N.A. v. Morgan Stanley & Co.*, 10 Civ. 6322 (RJH), 2011 U.S. Dist. LEXIS 68157, *11-13 (S.D.N.Y. June 24, 2011) (explaining desirability of injunction under §2361). This is because such an injunction or restraining order will protect the stakeholder from the constant threat of additional litigation and accordingly allow the court to equitably

5

determine the correct disposition of the subject property in a single, consistent proceeding. *U.S. v. Major Oil Co.*, 583 F.2d 1152, 1158 (10th Cir. 1978).

Significantly, "Section 2361 enables a party meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Rule 65, FED. R. CIV. P., which normally governs the issuance of injunctive relief." *Garcia*, 802 F. Supp. at 1066-67. Therefore, under §2361, a court has the power to issue an injunction against the instituting of any action against the subject matter of the interpleader *without notice* to any party seeking a determination of their right to the subject property. *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 43 (D.C. Cir. 2002); *Holcomb v. Aetna Life Ins. Co.*, 228 F.2d 75, 82 (10th Cir. 1955); *Prudential Ins. Co. of Am. v. Shawver*, 208 F. Supp. 464, 471 (W.D. Mo. 1962).

In this case, the issuance of an *ex parte* restraining order is appropriate to protect Jasper and the Vessel. As explained, the jurisdictional requirements of §1335 are met and Jasper has applied to deposit funds into the Registry of the Court to provide security for the claims to payment for the bunkers. A restraining order is necessary because one or more of the Interpleader-Defendants has indicated an intent to file actions against Jasper or, more importantly, the Vessel to seek to recover payment for the bunkers. Such actions will have a deleterious effect on Jasper and would thwart the ability of the Court to determine which party, if any, is entitled to the disputed payments. This omnipresent threat of arrest and litigation has rendered Jasper, an innocent stakeholder in these transactions, unable to conduct its business operations in a routine and efficient manner. The issuance of a restraining order or injunction by this Court pursuant to 28 U.S.C. §2361 will prevent Jasper from having to defend multiple actions involving competing claims to the same fund and would insure the effectiveness of the interpleader remedy by forcing all claimants to litigate their claims in a single, consistent action.

6

425985.1

## **CONCLUSION**

WHEREFORE, Defendant/Interpleader-Plaintiff Jasper requests that this Court enter an Order pursuant to 28 U.S.C. § 2361 restraining any claimants now or later known from instituting or prosecuting any action or proceeding anywhere to recover payment relating to the supply of the bunkers to the M/T AMAZON as described in its Amended Answer, Counterclaim, Cross-claim, and Third-Party Complaint for Interpleader, including but not limited to any action or proceeding to arrest, attach or otherwise restrain the M/T AMAZON, any vessel owned by or in the associated ownership of Jasper, or any other property owned by or in the associated ownership of Jasper pursuant to 28 U.S.C. § 2361.

Dated: New York, New York
      March 20, 2015

Respectfully Submitted,

_____
Michael E. Unger
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (Fax)
*Attorney for Defendant/Interpleader-Plaintiff,*
*Jasper Exporting Ltd.*

425985.1