*Return to Cashiers* (handwritten)
486-14/MEU
**FREEHILL HOGAN & MAHAR, LLP**
*Attorneys for Defendant in rem*
**M/T AMAZON**
*and Defendant quasi in rem*
**JASPER EXPORTING LTD.**
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (Fax)
Michael E. Unger, Esq.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 31 2015



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AEGEAN BUNKERING (USA) LLC,

                     Plaintiff,

v.

M/T AMAZON (IMO 9476654), its
engines, tackle and apparel,

Certain Bunkers FO 500 CST aboard
or loaded aboard the M/T AMAZON,

                     Defendants *in rem*,

BERGEN BUNKERS, AS

JASPER EXPORTING LTD.,

                     Defendants *quasi in rem*,
and

The Master of the M/T AMAZON,

                     Garnishee,
------------------------------------------------------------X
JASPER EXPORTING LTD.,

                     Third-Party Interpleader Plaintiff,

v.

O.W. BUNKER MALTA, LTD. and ING BANK N.V.,

                     Third-Party Interpleader Defendants.
------------------------------------------------------------X

14 Civ. 9447 (KBF)

**ORDER FOR DEPOSIT
INTO COURT REGISTRY**

431065.1

WHEREAS Defendant/Interpleader-Plaintiff Jasper Exporting Limited's (hereinafter "Jasper") vessel M/T AMAZON was previously arrested by Plaintiff/Interpleader-Defendant, Aegean Bunkering USA LLC's (hereinafter "Aegean") in the Bahamas pursuant to Aegean's claim that it has a maritime lien against the vessel by reason of having physically supplied bunkers at Marcus Hook, Pennsylvania on or about October 30, 2014 for which Aegean has not been paid; and

WHEREAS Jasper posted a Letter of Undertaking (hereinafter "LOU") on November 22, 2014 in the amount of $1,150,000 in order to obtain the release of the vessel from arrest with the sum of $981,708.20 representing the principal claimed due by Aegean with the balance allocated as security for interest and costs associated with this action which was brought pursuant to the forum selection clause in Aegean's contractual terms and conditions to resolve the merits of Aegean's claim; and

WHEREAS the terms of the LOU permit Jasper, at its option, to substitute cash paid into the registry of the U.S. District Court for the Southern District of New York for the LOU provided the substitute security is accepted by Aegean or, in the absence of such acceptance, approved by the Court; and

WHEREAS Aegean has not agreed to accept the deposit of cash in substitute for the LOU; and

WHEREAS Defendant/Interpleader-Plaintiff Jasper Exporting Limited (hereinafter "Jasper") has now filed its Amended Answer with Counterclaim, Cross-claim, and Third-Party Complaint for Interpleader and has sought leave to interplead cash funds into the Registry of the Court representing the stake as property to which Jasper disclaims any interest and which is

subject to the claims of multiple claimants or third-parties and has sought approval of the Court to substitute cash for the LOU;

**IT IS HEREBY ORDERED** that the Court finds cash to be acceptable as a substitute for the LOU; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall accept and receive funds in the amount of $1,150,00 into the Registry of this Honorable Court for ultimate disposition by the Court in the above-styled action; and

**IT IS FURTHER ORDERED** that upon the deposit of such funds the LOU shall be returned to its issuer; and

**IT IS FURTHER ORDERED** that the $1,150,000 deposited into the Registry of this Honorable Court shall be divided into two separate accounts, the first account containing the amount of $981,708.20 representing the subject of this interpleader action, and the second account containing the amount of $168,291.80 representing interests and costs associated with Aegean's claim that it has a maritime lien against the vessel arising out of having provided necessaries and related litigation in respect to enforcement thereof; and

**IT IS FURTHER ORDERED** that the funds contained in the first account shall be considered the substitute *res* for any *in rem* maritime lien claims against the M/T AMAZON, subject to further litigation by any of the competing claimants herein, and that this amount shall constitute sufficient security for such claims under Supplemental Admiralty Rule E(5)(a), whereas such amount constitutes the principal sum claimed by the Interpleader-Defendants for the supply of fuel to the M/T AMAZON on or about October 30, 2014; and

**IT IS FURTHER ORDERED** that the creation of these two segregated accounts shall in no way effect Jasper's ability to maintain this action in interpleader; and

3

431065.1


**IT IS FURTHER ORDERED** that if the claims have not been resolved by March 20, 2016, Jasper shall deposit an additional 6% of the principle sum claimed by the Interpleader-Defendants as interest for the following year; and

**IT IS FURTHER ORDERED** that upon the ultimate disposition of claims to the deposited funds, any amount remaining in the Registry of this Honorable Court shall be returned to Jasper.

SO ORDERED, this 31st day of March 2015, ~~at _____ a.m.~~

_K. B. Forrest_
Katherine B. Forrest
United States District Judge, S.D.N.Y.

431065.1